■ BORIS BRUKHMAN et al., on Behalf of Themselves and All Others Similarly Situated, Respondents, and SUSAN SEALY et al., on Behalf of Themselves and All Others Similarly Situated, Proposed Intervenors-Respondents, v RUDOLPH GIULIANI, as Mayor of the City of New York, et al., Appellants. [678 NYS2d 45] —Order, Supreme Court, New York County (Jane Solomon, J.), entered May 20, 1997, granting petitioners-plaintiffs' motion for class certification and preliminary injunctive relief staying enforcement of the Work Experience Program, and denying respondents-defendants' cross-motion to dismiss the complaint, unanimously reversed, on the law, without costs, the motion denied, the cross-motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of respondents-defendants-appellants dismissing the complaint.

Plaintiffs are public assistance recipients of either home relief (*see*, Social Services Law § 158) or aid to families with dependent children ([ADC] *see*, Social Services Law § 349 [A]) who have been required by New York City Department of Social Services to participate in its Work Experience Program

(WEP). The WEP in its present form commenced in 1995, when eligible home relief recipients were required to accept work assignments, most for 90 days or less. ADC recipients were brought into the program in 1996. ADC participants, who are provided child care during work assignments, are limited to six months of participation for no more than 20 hours per week, unless the goal of full-time employment is achieved in the interim. Plaintiffs are paid minimum wage for tasks that generally involve office clerical work, maintenance and community services. Plaintiffs' main contention is that the nature of the tasks to which they are assigned effectively makes them City employees and that, as such, they are entitled to equivalent wages and benefits. Denying them compensation equivalent to comparable City employees, they argue, results in several statutory and constitutional violations. The City does not deny that WEP participants are not paid the prevailing rate for City employees performing similar tasks, but does deny that WEP participants are, or were ever meant to be, "employees" performing regular work in a regular manner, and that the nature of their participation renders them eligible for prevailing rates of compensation.

Initially, plaintiffs cannot claim the benefit of New York State Constitution article I (§ 17), which extends prevailing wage protection only to employees of contractors and subcontractors performing public work, categories into which plaintiffs clearly do not fit (*Matter of Corrigan v Joseph*, 304 NY 172, *rearg denied* 304 NY 759, *cert denied sub nom. Remelius v Joseph*, 345 US 924). Plaintiffs are not performing public work regardless whether a public purpose is being served (*Varsity Tr. v Saporita*, 71 AD2d 643, *affd* 48 NY2d 767). Moreover, there is a historical recognition that public assistance recipients performing tasks in exchange for benefits are not public employees (*Matter of Social Investigator Eligibles Assn. v Taylor*, 268 NY 233; *Matter of Ballentine v Sugarman*, 74 Misc 2d 267, 270, *affd in part sub nom. Gotbaum v Lindsay*, 43 AD2d 815, *mot to dismiss appeal granted* 34 NY2d 667). Plaintiffs' reliance on Social Services Law § 164, now repealed (L 1997, ch 436, § 1, part B, § 147-a), to equate their tasks with "public work" and to demand comparable wages for such is unavailing. Rather, current State law authorizing the payment of minimum wage for WEP participants (Social Services Law § 336-c [2] [b]) governs, and we find no basis to find this statute constitutionally infirm. Since labor is not a property right, there can be no unconstitutional taking (*Butler v Perry*, 240 US 328, 333) resulting from wage restrictions. Nor is there any merit to plaintiffs' equal-protection claim, insofar as there is a

rational distinction (*see, Goodwin v Perales*, 88 NY2d 383) between qualifying public employees selected from civil service lists or by provisional hiring, and WEP participants selected solely, and temporarily, to help them enter the work place. Concur—Sullivan, J. P., Ellerin, Williams, Tom and Mazzarelli, JJ. *[See,* 174 Misc 2d 26.]